IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| LEROY POPE,   #282815, ) | |
| ) | |
| Petitioner, ) | Civil Action No.  3:10-1416-HFF -JRM |
| ) | |
| v. ) | |
| ) | |
| WARDEN LEROY CARTLEDGE, ) | **REPORT AND RECOMMENDATION** |
| OF THE MCCORMICK ) | |
| CORRECTIONAL INST, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Leroy Pope ("Pope"), is an inmate at the South Carolina Department of Corrections serving a sentence of 30 years imprisonment for voluntary manslaughter, 20 years imprisonment for assault and battery with intent to kill ("ABWIK"),[1] and 5 years imprisonment for possession of a weapon during a crime of violence (all concurrent). Pope filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was received by the Court on June 4, 2010. Respondent filed a return and motion for summary judgment on August 16, 2010.  Because Pope is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on August 17, 2010 advising him of his responsibility to respond to the motion for summary judgment. Pope filed a response on October 14, 2010.

---

[1] Pope was originally sentenced to 25 years on the ABWIK charges, but was granted relief in the post-conviction relief process because the maximum for that offense is 20 years under South Carolina law.

**Background and Procedural History**

Pope's convictions arose from an argument between him and Eugene Hipp outside the Peppermint Lounge in Beaufort County on September 24, 2000. Pope ended the argument by firing ten shots at Hipp. Hipp and three others were wounded. Marvin Eaddy died from his wounds.

Pope was represented by retained counsel, Samuel Bauer, Esquire. He entered a negotiated plea on March 4, 2002, by which he was allowed to plead to voluntary manslaughter as opposed to murder in Eaddy's death.

An Anders[2] brief was filed on Pope's behalf raising the following issue:

Whether appellant's guilty [sic] complied with the mandates set forth in Boykin v. Alabama?

Pope did not file a *pro se* brief. His conviction was affirmed by the South Carolina Court of Appeals. *See* State v. Pope, Unpub.Op.No. 2004-UP-444 (Ct.App. filed Aug. 24, 2004). (App. 157). The Remittitur was returned on September 27, 2004.

Pope filed an application for post-conviction relief on July 19, 2005. (App. 39). An evidentiary hearing was held on April 11, 2006. (App. 86). Pope was represented by A. Eversale, Esquire. The PCR court issued an "Order Granting Partial Relief" on June 1, 2007. (App. 144).[3]

A Johnson[4] petition for writ of certiorari was filed on Pope's behalf by the South Carolina Commission on Indigent Defense raising the following issue:

Did the PCR court err in not finding trial counsel ineffective for failing to fully investigate all defenses?

---

[2] Anders v. California, 386 U.S. 738 (1967).

[3] As noted above the PCR court granted relief from the 25 year ABWIK sentences.

[4] Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

Pope filed a *pro se* brief raising the following issues:

    I.      Did PCR Court err in not finding that the Circuit Court lacked subject matter jurisdiction to accept defendant's guilty plea?

    II.     Did PCR Court err in not finding defendant's guilty plea was unconstitutional?

    III.    Did the PCR Court err in not finding trial counsel ineffective for failing to fully investigate all defenses?

The appeal was transferred to the South Carolina Court of Appeals which denied the petition. The Remittitur was returned on March 24, 2010.

## **Grounds for Relief**

In his present petition, Pope asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**         Court Lacked Subject Matter Jurisdiction.

Supporting Facts: applicant was not presented with any indictments to know the elements of the charges against him and there were no court order presented to applicant to continue his case beyond 180 days.

**Ground Two:**       Applicant Received Ineffective Assistance of Trial Counsel.

Supporting Facts: counsel allowed applicant to plea to an illegal sentence to the charges of assault and battery with intent to kill, counsel was ineffective for failing to investigate witnesses due to the seriousness of the crimes, counsel was ineffective for advising applicant to plea when charges were time barred, counsel was ineffective for not being prepared for trial, and counsel was ineffective for advising applicant to plea guilty when court lacked subject matter jurisdiction.

**Ground Three:**     Appellate received ineffective assistance of appellate court counsel.
Supporting Facts: appellate counsel failed to raise issue of illegal sentence, appellate counsel failed to raise issue that court Lacked Subject Matter Jurisdiction to accept applicant's guilty plea on assault and battery with intent to kill, appellate counsel

failed to inform applicant that he could litigate the grounds raised on the appeal all the way up to the U.S. Supreme Court in Washington D.C.

**Ground Four:** Applicant's plea of guilty was not freely, knowingly, voluntarily, and intelligently given to the court.

Supporting Facts: applicant was not informed of the mandatory minimum sentence for the offense of manslaughter, applicant was misinformed of the maximum penalty for assault and battery with intent kill, applicant was not advised of the essential and material elements of his charges on the record, applicant was not aware of the law in relation to the facts or the charges of assault and battery with intent to kill, and applicant was not aware he had a defense, and applicant has no knowledge charges were time barred.

## Discussion

Since Pope filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court

decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.

\* \* \*

[A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

### 1. Subject Matter Jurisdiction (Ground 1)

Pope asserts that the trial court lacked subject matter jurisdiction because he was not "presented" with indictments and the State did not follow its procedural rule that his case be disposed of within 180 days of his arrest.[5]

The criminal jurisdiction of the Circuit Courts in South Carolina is established by Article V, § 11 of the South Carolina Constitution ("The Circuit Court shall be a general trial court with original jurisdiction in ...criminal cases"). Subject matter jurisdiction is the authority of a court to hear and determine cases of the general class to which the proceedings in question belong. Dove v. Gold Kist, Inc., 442 S.E.2d 598 (S.C. 1994) and State v. Gentry, 610 S.E.2d 494, 498 (S.C. 2005). The Circuit Court gains subject matter jurisdiction in a criminal case in one of three ways: "(1) the grand jury true

---

[5]The undersigned notes that Pope's indictments are a part of the record before this Court. (App. 159).

bills an indictment which sufficiently states the offense; (2) the defendant waives presentment in writing; or (3) the offense is a lesser included offense of a crime adequately charged in a true bill of indictment." State v. Gonzales, 600 S.E.2d 122, 124 (Ct. App. 2004).

A court's jurisdiction over the subject matter of a proceeding before it is fundamental. A party may raise lack of subject matter jurisdiction at any time, including on appeal for the first time. Further, the court may raise the issue *sua sponte*. Lack of subject matter jurisdiction may not be waived by the parties. Brown v. State, 540 S.E.2d 846 (S.C. 2001). The acts of a court which lacks subject matter jurisdiction are void. State v. Funderburk, 191 S.E.2d 250 (S.C. 1972).

Since a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law. Thus, the frequently quoted maximum that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court." In other words, it is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists. This court does not review determinations of state law made by South Carolina courts. *See* Pulley v. Harris, 465 U.S. 37 (1984) ("[A] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law.").

The PCR court concluded that under South Carolina law that "presentment of the indictment to Applicant does not affect subject matter jurisdiction" and that "continuing Applicant's case beyond 180 days of arrest" does not deprive the trial court of subject matter jurisdiction. (App. 148).

Further, as argued by Respondent, a state court's determination that one of its courts had jurisdiction over a purely state law criminal charge is not a matter which is cognizable on federal habeas corpus review. Wright v. Angelone, 151 F.3d 151 (4th Cir. 1998).

**2. Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

A criminal defendant must be informed of the direct consequences of his plea. Misinformation as to the direct consequences of a plea renders the plea involuntary. Manley v. U.S., 588 F.2d 79 (4th Cir. 1978) (erroneous statement of court as to maximum possible punishment). Neither the court nor defense counsel is obligated to advise a defendant as to the collateral consequences of a plea. Strader v. Garrison, 611 F.2d 61 (4th Cir. 1979) (parole eligibility is a collateral consequence of a plea). "The distinction between 'direct' and 'collateral' consequences of a plea...turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." Cuthrell v. Director, Patuxent Institution, 475 F.2d 1364, 1366 (4th Cir. 1973).

    a. Trial Counsel (Ground 2)

Pope asserts that trial counsel was ineffective for allowing him to receive sentences above the statutory maximum for ABWIK, failing to advise him that the charges were time barred under the 180 day rule, failing to raise the issue of lack of subject matter jurisdiction, and failing to properly investigate the case and prepare for trial.

With respect to the first three issues stated above, Pope's claims are without merit. The excessive ABWIK were remedied through the PCR process. Therefore, Pope cannot demonstrate prejudice. The PCR court found that the Court of General Sessions had subject matter jurisdiction and that the 180 day rule violation did not bar the prosecution. Thus, Pope cannot show attorney error or prejudice on these claims.[6]

---

[6]The order of the South Carolina Supreme Court which orders that "all criminal cases in the State of South Carolina shall be disposed of within 180 days from the date of the defendant's arrest," absent an order of continuance, also declares that the "order does not create or define a right of a defendant to a speedy trial." See Johnson v. Rushton, 2008 WL 766338, *18, n. 3 (D.S.C.).

The PCR court specifically rejected claims that trial counsel did not properly investigate a self-defense defense and prepare for trial.

An attorney has a duty to make a reasonable factual and legal investigation to develop appropriate defenses. Sneed v. Smith, 670 F.2d 1348 (4th Cir. 1982). The reasonableness of the investigation is evaluated by the totality of the circumstances facing the attorney at the time. Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), *cert. denied*, 505 U.S. 1230 (1992). The Courts recognize limits to investigation based on time, resources, and relevance and conclude that "Strickland does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client." Green v. French, 143 F.3d 865, 892 (4th Cir. 1998), *abrogated on other grounds* by Williams v. Taylor, 529 U.S. 362 (1998). A decision not to investigate a particular avenue of defense is assessed by the same standard of "reasonableness in all the circumstances" by which an attorney's performance is measured in other areas. Strickland, 466 U.S. 690-91. A petitioner asserting a claim of ineffectiveness of counsel in failing to investigate must make a showing that the failure was prejudicial. Generally, the failure to investigate and present a potential alibi witness supports a claim of ineffective assistance of counsel. However, at the PCR hearing, the petitioner must present evidence establishing what the witness would have said at trial. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991).

Pope has not shown that the PCR court's conclusions were contrary to, or an unreasonable application of, the Strickland standard.

### b. Appellate Counsel (Ground 3)

The right to effective assistance of counsel extends to direct appeal. Evitts v. Lucey, 469 U.S. 387 (1985) and Pennsylvania v. Finley, 481 U.S. 551 (1987). The Strickland test stated above

applies equally to claims of ineffective assistance of appellate counsel, i.e., a petitioner must show error and prejudice.

Pope cannot satisfy Strickland's prejudice prong. To do so, he must show "a reasonable probability that, but for counsel's unreasonable failure..., he would have prevailed on his appeal." Smith v. Robbins, 528 U.S. 259, 285 (2000) (citation omitted). "Counsel's strategic decision to selectively brief and argue what, in his professional judgment, were [Petitioner's] strongest claims does not render counsel constitutionally deficient under Strickland." Fitzgerald v. Greene, 150 F.3d 357, 369 (4th Cir. 1998), *cert. denied* 525 U.S. 956 (1998), citing Griffin v. Aiken, 775 F.2d 1226, 1235 (4th Cir. 1985). *See also* Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000). The task of appellate counsel is to examine the record, and in his professional judgment select the strongest issues for appeal. Counsel is not required to raise all non-frivolous issues on appeal. *Id.* at 164.

Pope asserts that appellate counsel was also ineffective for raising the issue of the excessive sentences for ABWIK on direct appeal. As noted above, there is no prejudice since this error was corrected by the PCR court. Further, Pope's claim that appellate counsel was ineffective for failing to raise the subject matter jurisdiction arguments on direct appeal is without merit as discussed above.

Pope also asserts that appellate counsel was ineffective for failing to advise him that he could seek review of the decision of the South Carolina Court of Appeals affirming his conviction on direct appeal. This issue was specifically raised in Pope's PCR application (App. 69), but he presented no evidence on the issue at the PCR hearing. The PCR court noted that the issue was raised (App. 145), but did not address the issue in its order. The PCR court concluded that the failure to present evidence on the issue constituted a waiver and dismissed the claim with prejudice. Thus, the PCR

court applied a procedural bar to this claim and it is not properly before the Court. *See* Smith v. Murray, 477 U.S. 527 (1986).[7]

### 3. Involuntary Guilty Plea (Ground 4)

As discussed above, ineffective assistance of counsel may render a guilty plea involuntary. Pope asserts that he was misinformed of the "mandatory minimum" sentence for voluntary manslaughter and the maximum penalty for ABWIK. He also alleges that he was not advised of the essential elements of his offenses "on the record," he was unaware that he had a defense, and that the charges were time barred.

Pope's claims are without merit. The record clearly shows that in putting the negotiated plea on the record, the potential sentences Pope was facing were stated on the record in his presence. (App. 3-4). Trial counsel stated that he had fully discussed the charges, punishments, and constitutional rights with Pope prior to trial. (App. 5). The PCR court specifically found that there was no mandatory minimum sentence for voluntary manslaughter under South Carolina law. (App. 5). Further, the sentence stated for ABWIK was higher than the statutory maximum. Therefore, Pope was not misled into pleading guilty based on a hope that he would receive a shorter sentence for ABWIK. Further, trial counsel testified that he explained the elements of the charges to Pope prior to the guilty plea. (App. 121). The PCR court found that even though the elements of the crimes were not stated on the record, Pope was aware of and understood the elements of the crimes

---

[7]The undersigned notes that Pope cites United States v. Scott, 243 F.Supp.2d 97 (D.Del. 2003) in his PCR application for the proposition that he has a constitutional right to be advised of his right to petition the United States Supreme Court after rejection of direct appeal in state court. His argument is misplaced. Scott does not support his argument. The issue in that case was whether an indigent federal defendant had a right to such advice under the rules of the Circuit Court. *See* United States v. King, 11 Fed.Appx. 219, 2001 WL 568022 (4th Cir. 2001) for the establishment of the right under the rules of the Fourth Circuit.

to which he was pleading guilty. (App. 152). Last the PCR court found that trial counsel advised Pope that he had a weak self-defense case and that counsel adequately advised Pope of all his defenses. (App. 149-150).

## **Conclusion**

Based on the above discussion, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

December 14, 2010

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).