

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| LEROY POPE,   #282815, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:10-1416-HFF-JRM |
| | § | |
| WARDEN LEROY CARTLEDGE, | § | |
| of the McCormick Correctional Inst, | § | |
| Respondent. | § | |

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and the petition be dismissed without an evidentiary hearing. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 15, 2010, and the Clerk of Court entered Petitioner's objections to the Report on January 5, 2011.

Petitioner's first objection concerns his trial counsel's alleged failure to investigate witnesses. Petitioner presents not a true objection to the Report, but merely a reargument of a claim that was considered and rejected by the Magistrate Judge. Nevertheless, the Court has made a de novo review of the record in regards to this issue, but finds no error in the Report. Simply stated, and as observed by the Magistrate Judge in regards to this matter, Petitioner "has not shown that the PCR court's conclusions were contrary to, or an unreasonable application of, the *Strickland* standard." Report 10, ECF No. 18. Hence, this objection will be overruled.

Petitioner's second objection concerns his contention that he was not informed of the mandatory minimum sentence for manslaughter. Accordingly, Petitioner avows that this rendered his guilty plea involuntary.

In discussing this claim, the PCR court erred in its statement that there is no mandatory minimum sentence for voluntary manslaughter under South Carolina law. In fact, S.C. Code § 16-3-50 specifically states that "[a] person convicted of manslaughter, or the unlawful killing of another without malice, express or implied, must be imprisoned not more than thirty years or less than two years." *Id*. So, the question then is whether the trial court's not informing Petitioner of this mandatory minimum renders Petitioner's guilty plea involuntary.

At Petitioner's plea hearing, the State began by informing the trial court that it was recommending a sentence of thirty years for the charge of manslaughter. Tr. Trans. 3:25, ECF No. 12-1. Petitioner was originally charged with murder. Petitioner's trial counsel, however, asked the trial judge for a sentence of twenty years. *Id*. at 24:10-11. Thus, it is hard to fathom how

Petitioner's knowing that manslaughter carries a mandatory minimum sentence of two years could have been of any moment in that his counsel requested a sentence eighteen years more than the mandatory minimum.

Reviewing the totality of the circumstances surrounding Petitioner's plea, the Court is of the firm opinion that Petitioner's substantial rights were not affected by Petitioner not being informed of the mandatory minimum. *See United States v. De Fusca*, 949 F.2d 114, 116-17 (4th Cir. 1991). Moreover, the Court holds that there is no probability that, had Petitioner been informed of the mandatory minimum for manslaughter, the results of the proceedings would have been different. Any suggestion to the contrary strains the bounds of credulity. Thus, this objection will be overruled.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED** and the petition is **DISMISSED** without an evidentiary hearing.

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 24th day of March, 2011, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

**\*\*\*\*\*NOTICE OF RIGHT TO APPEAL\*\*\*\*\***

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.